11-155-ag
Paterko v. Holder

BIA
Straus, IJ
A095 583 189

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand twelve.

PRESENT:
    ROSEMARY S. POOLER,
    RICHARD C. WESLEY,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*
_____

YAROSLAV ALEKSEEVICH PATERKO,
        *Petitioner,*

        v.                                      11-155-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

| | |
|---|---|
| FOR PETITIONER: | Justin Fappiano, New Haven, Connecticut. |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Aric A. Anderson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yaroslav Alekseevich Paterko, a native and citizen of the Ukraine, seeks review of a December 17, 2010 order of the BIA affirming the July 16, 2009 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his applications for asylum, withholding of removal, and CAT relief. *In re Yaroslav Alekseevich Paterko*, No. A095 583 189 (B.I.A. Dec. 17, 2010), *aff'g* No. A095 583 189 (Immig. Ct. Hartford, CT Jul. 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA's opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency reasonably concluded that Paterko failed to establish that he was persecuted on account of his political opinion. "[O]pposition to endemic corruption or extortion, no less than opposition to other government practices or policies, may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547-48 (2d Cir. 2005). Although Paterko established that he was abducted and beaten after he demanded payment on a contract from an official in the Ukraine, Paterko failed to demonstrate that his opposition to the official's monetary demands and refusals to make promised payments were political, rather than motivated by his personal desire to recover the money he lost. Unlike the petitioner in *Zhang*, Paterko did not organize local business leaders in opposition to corruption or demonstrate other political opposition to corruption. He demonstrated merely that he was opposed to the activities of a corrupt government official.

The BIA also concluded that Paterko had established neither past persecution nor a well-founded fear of future persecution on account of his membership in a particular social group as "someone who witnesses political

corruption." Paterko argues for the first time on appeal that he belongs to a social group consisting of "[o]wners of Ukrainian construction companies that have challenged a government official's extortion and suffered persecution as a result." We are precluded from considering this argument because the government raises issue exhaustion as an affirmative defense. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). Finally, there is no support in the record for Paterko's suggestion that the agency misconstrued the "social visibility" argument, *see In re A-M-E & J-G-U*, 24 I. & N. Dec. 69, 74 (BIA 2007), by requiring Paterko to identify a particular social group unified by a visible physical trait.

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4